## William Shaeffer, Plff. in Err., v. Charles Zech.

Where the accommodation indorser of a promissory note, for which mules are sold and delivered to the maker (upon an agreement that they shall be the indorser's property until the note is paid by the maker), is compelled to pay the note himself, but never has possession of the mules, the retention of possession by the maker is a fraud in law, and his creditors, having no knowledge of the agreement, are entitled to levy upon and sell the mules in execution.

(Argued May 14, 1888.    Decided May 25, 1888.)

July Term, 1887, No. 102, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ.    Error to the Common Pleas of Lancaster County to review a judgment on a verdict for the defendant in sheriff's interpleader, May term, 1886, No. 13.    Affirmed.

This was a feigned issue in sheriff's interpleader to determine the ownership of two mules levied on by fi. fa. as the property of Wanbaugh & Hain by their judgment creditor, Charles Zech, and claimed by William Shaeffer. The claimant was the plaintiff below and the judgment creditor the defendant below.

Upon the trial before PATTERSON, J., the plaintiff presented the following point:

If the jury believe from all the evidence that when William Shaeffer, the plaintiff, indorsed the note drawn by Wanbaugh & Hain, used as a means of payment of the mules in controversy, that the agreement was that the mules were to be the property of him, Shaeffer, till the note so indorsed was paid by Wanbaugh & Hain, and the same was never paid by the said firm, but by him, Shaeffer, then the mules belonged to him, Shaeffer, who paid the note, and the verdict must be for the plaintiff.

Ans. We answer, we must deny this point as a legal proposition, taking the whole point. The agreement that the mules were to be the property of him, Shaeffer, till the note so indorsed was paid by Wanbaugh & Hain, did not make the mules the property of Shaeffer, unless you find from the evidence submitted to you that they were delivered into the actual and ex-

NOTE.—For the necessity of change of possession of personalty sold, see note to Chase v. Garrett, 1 Sad. Rep. 16.

clusive possession of Shaeffer before they were levied upon by the execution on the judgment in which Zech was the plaintiff against Wanbaugh & Hain. We refuse to instruct you that the verdict must be for the plaintiff.

Verdict and judgment were for the defendant.

The assignments of error specified: (1) The refusal to affirm the point without qualification; and (2) the answer of the court to the point.

*Philip D. Baker,* for plaintiff in error.—Where the transfer of possession corresponds with the sale, the nature of the property, and the relation of the parties, the sale will be valid, unless fraudulent in fact. Dunlap v. Bournonville, 26 Pa. 72.

Possession under a bailment is not a constructive fraud; the property cannot be levied upon for the debts of the bailee. Crist v. Kleber, 79 Pa. 290.

No such change of possession as will defeat the fair and honest object of the parties is required. Crawford v. Davis, 99 Pa. 576.

*B. F. Davis* and *John A. Coyle,* for defendant in error.—The retention of possession by the vendor of chattels is a fraud in law, whenever they are capable of delivery. Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346; McKibbin v. Martin, 64 Pa. 352.

Dunlap v. Bournonville, 26 Pa. 72, cited by plaintiff in error, strengthens the position by the court below, for it shows the utmost limit to which this court will go in sustaining a sale of this kind. It "stands on the very outer edge of settled principles." See also Crawford v. Davis, 99 Pa. 576.

Even supposing that the plaintiff were in a position to become a bailor, yet the court was not in error in answering his point as it did. He should have requested a specific instruction on this question of bailment by submitting a written point embodying it. Davis v. Bigler, 62 Pa. 249, 1 Am. Rep. 393; Churchman v. Smith, 6 Whart. 153, 36 Am. Dec. 211.

Especially as on the trial the claim was made as the vendee of Wanbaugh & Hain, and based on the legality of that sale.

The evidence showed that there was no bailment for hire or use, but a conditional sale by Shaeffer. In such instance the property is liable to execution by the creditors of the vendee.

Martin v. Mathiot, 14 Serg. & R. 214, 16 Am. Dec. 491; Rose
v. Story, 1 Pa. St. 190, 44 Am. Dec. 121; Stadtfeld v. Hunts-
man, 92 Pa. 53, 37 Am. Rep. 661; Brunswick & B. Co. v.
Hoover, 95 Pa. 508, 40 Am. Rep. 674.

PER CURIAM:
The principle of law governing this case, as stated by the
court below, is too obvious and well settled to allow of discussion.
The judgment is affirmed.